# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| IN RE: HARDIEPLANK FIBER CEMENT SIDING LITIGATION | Case No. 12-md-2359<br>MDL No. 2359 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **MEMORANDUM OF LAW & ORDER** |

---

Robert K. Shelquist, Karen Hanson Riebel, and Scott Moriarity, Lockridge Grindal Nauen, PLLP, Plaintiffs' Lead Counsel, and Charles J. LaDuca, Cuneo Gilbert & LaDuca, LLP; Charles E. Schaffer and Brian Fox, Levin, Fishbein, Sedran & Berman; Clayton D. Halunen, Halunen & Associates; Michael A. McShane, Audet & Partners, LLP; Nicholas J. Drakulich, The Drakulich Firm; D. Michael Campbell, Campbell Law; Lawrence Deutsch, Shannon J. Carson, and Robin Switzenbaum, Berger & Montague PC; and Frances Baillon and Shawn J. Wanta, Baillon Thome Jozwiak & Wanta LLP, Plaintiffs' Executive Committee.

Christopher M. Murphy, Steven P. Handler, Aron J. Frakes, and Jeffrey Baltruzak, McDermott Will & Emery LLP, and Heidi A. O. Fisher and David C. Klink, Oppenheimer Wolff & Donnelly LLP, Counsel for Defendant James Hardie Building Products Inc.

---

## I.     INTRODUCTION

This matter is before the Court on Defendant James Hardie Building Products Inc.'s Motion to Dismiss.  [Docket No. 36]  The Court heard oral argument on March 21, 2013.  After briefing was completed, the parties also filed requests to supplement the record: Defendant's Motion for Leave to Cite

Supplemental Authority in Support of Its Motion to Dismiss [Docket No. 49];

Defendant's Second Motion for Leave to Cite Supplemental Authority in Support

of Its Motion to Dismiss [Docket No. 55]; and Plaintiffs Heidi Picht and Jonathan

Bowers' Motion for Leave to Cite Supplemental Authority in Opposition to

Defendant's Motion to Dismiss [Docket No. 57].

## II.    BACKGROUND

### A.    Factual Background

Defendant James Hardie Building Products Inc. manufactures

HardiePlank, a fiber-cement siding.  (Consolidated Complaint ("CC") ¶ 1.)  In its

advertising, Defendant stated that its siding had a 50-year transferable warranty,

required low or no maintenance, and was designed and engineered to tolerate

extreme weather. (Id. ¶¶ 2-3, 32.)  Plaintiffs generally allege that, after the siding

was installed on their homes, it began warping, cracking, flaking, shrinking, and

discoloring.  (Id. ¶¶ 6-7, 35.)  Sometimes the siding came loose or fell off the

building altogether, potentially exposing the substructure to moisture and other

damage.  (Id. ¶¶ 6-7, 34.)  Plaintiffs had to repair or replace the siding sooner

than would be reasonably expected.  (Id. ¶¶ 34, 36.)

Plaintiffs allege that Defendant had reason to know that its siding was defective.  (CC ¶¶ 50, 109.)   They claim that, despite this knowledge, Defendant continued to represent that the siding was durable and long-lasting and, through such representations, created a reasonable expectation that the siding would last 50 years.  (Id. ¶¶ 109, 112-14.)

## B.    Procedural History

After their individual cases were consolidated in this Court as a Multidistrict Litigation, Plaintiffs filed a Consolidated Complaint.  [Docket No. 33]  The Consolidated Complaint contains fifteen counts by eleven Plaintiffs from eight states, all alleging that the fiber cement siding manufactured by James Hardie Building Products Inc. was defective:

Count 1: Breach of Express Warranty, Brought By All Plaintiffs on behalf of a nationwide class or state subclass(es);

Count 2: Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose, Brought By All Plaintiffs on behalf of a nationwide class or state subclass(es);

Count 3: Negligence, Brought By All Plaintiffs on behalf of a nationwide class or state subclass(es);

Count 4: Declaratory and Injunctive Relief, Brought By All Plaintiffs on behalf of a nationwide class or state subclass(es);

Count 5: Cal. Business & Professions Code § 17200 Unfair Business Practices, Brought By All Plaintiffs on behalf of a nationwide class or state subclass(es);

Count 6: Cal. Consumers Legal Remedies Act, Civ. Code §§ 1750, et seq., Brought By All Plaintiffs on behalf of a nationwide class or state subclass(es);

Count 7: Unlawful Trade Practices, Minnesota Statute § 325D.13, Brought by Plaintiffs Picht and Bowers on behalf of a Minnesota class;

Count 8: False Advertising—Minnesota Statute § 325F.67, Brought by Plaintiffs Picht and Bowers on behalf of a Minnesota class;

Count 9: Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Brought by Plaintiffs Brown, Kostos, and Treece on behalf of an Illinois class;

Count 10: Violation of the Ohio Products Liability Act, Brought by Plaintiff Bethel on behalf of an Ohio class;

Count 11: Violation of Ohio Consumer Sales Practices Act, Brought by Plaintiff Bethel on behalf of an Ohio class;

Count 12: Violation of the Ohio Deceptive Trade Practices Act, Brought by Plaintiff Bethel on behalf of an Ohio class;

Count 13: Violation of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-200(A)(5), Brought by Plaintiff Kavianpour on behalf of a Virginia class;

Count 14: Violation of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-200(A)(6), Brought by Plaintiff Kavianpour on behalf of a Virginia class;

Count 15: Violation of the Florida Deceptive and Unfair Trade
Practices Act, Brought by Plaintiff Kavianpour on behalf of a
Virginia class.

Defendant now moves to dismiss most, but not all, of the claims in the

Consolidated Complaint.

After the briefing on the motion to dismiss was concluded, both Plaintiffs

and Defendant filed motions for leave to cite to supplemental legal authority,

and both opposed the others' request to supplement.  Each side has had the

opportunity to fully present its views to the Court.  The Court grants both

parties' motions to supplement.

## III.   DISCUSSION

### A.    Motion to Dismiss Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may

move the Court to dismiss a claim if, on the pleadings, a party has failed to state

a claim upon which relief may be granted.  In reviewing a motion to dismiss, the

Court takes all facts alleged in the complaint to be true.  <u>Zutz v. Nelson</u>, 601 F.3d

842, 848 (8th Cir. 2010).

To survive a motion to dismiss, a complaint must contain sufficient
factual matter, accepted as true, to state a claim to relief that is
plausible on its face.  Thus, although a complaint need not include

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

In deciding a motion to dismiss, the Court considers "the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint." PureChoice, Inc. v. Macke, Civil No. 07-1290, 2007 WL 2023568, at *5 (D. Minn. July 10, 2007) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)).

### B.    General Choice of Law Standard

In order to address the parties' arguments regarding certain claims, the Court must apply a choice of law analysis. At this stage of the litigation, that analysis is based on the limited information contained in the Consolidated Complaint; thus, the choice of law analysis is preliminary and may be subject to adjustment at a later stage in the litigation.

"When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for

6

consolidation." In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig., 97 F.3d 1050, 1055 (8th Cir. 1996) (citations omitted).  Thus, the "transferee court must apply the 'choice-of-law rules of the states where the actions were originally filed.'"  Id. (quoting In re Air Crash Disaster Near Chicago, Ill., 644 F.2d 594, 610 (7th Cir. 1981)).

### C.    Claims of Brian Bethel (Ohio)

Ohio resident Brian Bethel bought his Ohio home in January 2011; at that time, Defendant's siding had already been installed on the house.  (CC ¶¶ 18, 88-89.)  In June 2012, Bethel noticed that the siding had shrunk, warped, and delaminated, leaving gaps and exposing the underlayment.  (Id. ¶¶ 90-91.)  He filed a warranty claim with Defendant in July 2012.  (Id. ¶ 92.)

Bethel originally filed his Complaint in Ohio.  Ohio applies the "most significant relationship" test and presumptively applies the law of the place where the injury occurred.  Pilgrim v. Universal Health Card, LLC, 660 F.3d 943, 946-47 (6th Cir. 2011).  Bethel is a resident of Ohio and his home with Defendant's siding is located in Ohio.  The Court will analyze Bethel's claims under Ohio law.

### 1.    Bethel Count 1: Express Warranty

The Court denies the motion to dismiss Count 1 as to Bethel.

Bethel alleges that Defendant breached express warranties about its siding because the siding did not perform as warranted.  (CC ¶¶ 120, 123.)  Throughout the Consolidated Complaint, Plaintiffs assert two distinct theories of express warranty.  They assert a breach of Defendant's "formal" express warranty based on the certificates of warranty that Defendant issued with the siding.  (CC ¶¶ 2, 25, 45.)  They also assert a breach of an "informal" express warranty based on statements that Defendant made about its siding in its marketing and advertising.  (Id. ¶¶ 3, 26-30.)

### a)    Informal Warranty

Plaintiffs claim that Defendant created an informal express warranty through its marketing or advertising materials.  A seller's marketing or advertising materials may constitute an express warranty.  See McKinney v. Bayer Corp., 744 F. Supp. 2d 733, 755 (N.D. Ohio 2010).

Defendant argues that, to the extent Bethel alleges it made and breached express warranties through its "sales brochures and marketing materials" (CC ¶

121), the claim fails for two reasons: disclaimer and a failure to allege basis of the

bargain.

### (1)    Disclaimer and Unconscionability

First, Defendant notes that, through the formal express warranty,

Defendant disclaimed all express warranties other than those contained in the

formal express warranty.  Plaintiffs argue that the disclaimer does not apply to

Bethel because he did not receive the formal express warranty, but that, even if

the disclaimer is binding, it is unconscionable due to the gross inequality

between the parties and Defendant's hidden knowledge of the defects in its

siding, which compelled Bethel to accept unfair terms that he did not have the

opportunity to negotiate.  See Evans v. Graham Ford, Inc., 442 N.E.2d 777, 781

(Ohio Ct. App. 1981) (finding disclaimer unconscionable).

> When it is claimed or appears to the court that the contract or any
> clause thereof may be unconscionable the parties shall be afforded a
> reasonable opportunity to present evidence as to its commercial
> setting, purpose, and effect to aid the court in making the
> determination.

Ohio Rev. Code § 1302.15.

The Court cannot decide the applicability of the unconscionability doctrine

before Plaintiffs have had the opportunity to submit evidence regarding the

9

disclaimer's commercial setting, purpose, and effect.  Thus, the Court cannot

decide the applicability of the disclaimer to Bethel's informal express warranty

claim.

### (2)    Basis of the Bargain

Defendant further claims that sales brochures and marketing materials

cannot create express warranties for Bethel because he does not allege that he

saw them before buying the siding.  An express warranty only arises when a

seller makes a statement about a product that becomes "part of the basis for the

bargain" between the parties.  Ohio Rev. Code § 1302.26(A).  Defendant argues

that Bethel cannot plead that he received any marketing materials before buying

the siding because the siding was purchased by someone else before Bethel

bought his house.

Plaintiffs retort that the Consolidated Complaint supports the plausible

alternative that Defendant informally established an express warranty through

its marketing or advertising.  Plaintiffs assert that, at this stage, they have no

obligation to plead how Defendant's representations became part of the basis for

the bargain; they merely need to allege that Defendant made representations

constituting an express warranty.  See Daigle v. Ford Motor Co., 713 F. Supp. 2d

10

822, 826 (D. Minn. 2010).  Here, Plaintiffs have identified statements by

Defendant and explained how, in brochures and marketing materials, the

statements were disseminated to construction professionals and the general

public, creating certain reasonable expectations by consumers.  (CC ¶¶ 3-4, 25-28,

31-32.)

The Court concludes that Bethel has adequately stated a claim.  The

question of whether the advertisements were, in fact, part of the basis of the

bargain cannot be addressed before discovery.

### b)    Formal Warranty

Defendant argues that Bethel's formal express warranty claim should be

dismissed because he does not sufficiently allege that the express warranty

applied to him.  Specifically, Defendant notes that, in his original Complaint,

Bethel alleged that the siding was installed in 2001, when his house was

originally built.  (Civil File No. 12-2728 (MJD) [Docket No. 1] Bethel Compl. ¶¶

44-45.)  Bethel purchased the house in 2011.  (CC ¶ 89.)  The express limited

warranty extends only to "the purchaser and all transferees prior to and

including the first owner of the structure to which [the siding] is applied, and the

first transferee of such structure."  (Defendant Ex. A, Warranties 1999-2011.)

11

Defendant notes that Bethel does not allege that he is the original purchaser of the siding or that he is the first transferee of the home with the siding.  It concludes that he does not allege sufficient factual matter that the express warranty applies to him.

The Court rejects Defendant's argument that this claim must be dismissed because Bethel has failed to explicitly plead that he is the initial purchaser or transferee of his home, such that the formal express warranty applies to him. Plaintiffs did plead that Defendant made the express warranties to all Plaintiffs, including Bethel.  (CC ¶¶ 120, 122.)   Bethel is not required to plead every fact in his complaint.  Bethel's status as a transferee is an appropriate topic for discovery.  This issue is best addressed after discovery.

## 2.      Bethel Count 2: Implied Warranty

Bethel alleges that Defendant breached implied warranties of fitness and merchantability because the siding was unfit for its intended purpose and was not of merchantable quality.  (CC ¶¶ 134-35.)  Defendant asserts that Bethel's implied warranty claim fails because Bethel does not allege that he is in privity with Defendant.  <u>See, e.g.</u>, <u>Savett v. Whirlpool Corp.</u>, No. 12 CV 310, 2012 WL

3780451, at *10 (N.D. Ohio Aug. 31, 2012).  Plaintiffs accede to dismissal of this

claim.  (See [Docket No. 52].)  Thus, the Court dismisses Count 2 as to Bethel.

### 3.     Bethel Count 10: Ohio Product Liability Act

Defendant asserts that Bethel's Ohio Product Liability Act ("OPLA") claim

fails because he does not allege damage to other property.  See Ohio Rev. Code §

2307.71(A)(13) ("'Product liability claim' means a claim or cause of action that . . .

seeks to recover compensatory damages from a manufacturer or supplier for

death, physical injury to person, emotional distress, or physical damage to

property other than the product in question . . . ."); Radford v. Daimler Chrysler,

168 F. Supp. 2d 751, 753 (N.D. Ohio 2001).

The Consolidated Complaint alleges that Bethel's siding gapped and

shrunk, thus exposing the underlying structure of Bethel's home to the elements

and "risking damage to the underlying structure."  (CC ¶¶ 90-91.)

A claim under OPLA requires damage to property other than the product

itself.  Plaintiffs have pled damage to the siding itself and the risk of damage to

the underlying structure.  However, there is no allegation of actual damage to

property other than the siding itself.  Bethel's OPLA claim is dismissed; however,

if, in fact, Bethel does claim damage other than to the siding itself, this claim may

be reasserted with such damage alleged.

### 4.    Bethel Count 11: Ohio Consumer Sales Practices Act

#### a)    Statute of Limitations

Defendant claims that Bethel's Ohio Consumer Sales Practices Act

("OCSPA") claim fails based on the two-year statute of limitations.  Ohio Rev.

Code § 1345.10(C).  It asserts that, because Bethel's OCSPA claim is based on its

alleged misrepresentations and the operation of its warranty (CC ¶¶ 229-30), the

statute of limitations began to run upon the delivery of the siding, and the

discovery rule does not apply.  See Lloyd v. Buick Youngstown, GMC, 686

N.E.2d 350, 353 (Ohio Ct. App. 1996).  Defendant asserts that the delivery of the

siding occurred when the home was built in 2001, so the claim expired in 2003.

"As a general rule, the possible existence of a statute of limitations defense

is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself

establishes the defense."  Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367

(8th Cir. 2011) (citation omitted).  Here, Plaintiffs argue that equitable estoppel

might prevent application of the statute of limitations.  (CC ¶¶ 115-17.)  They

assert that Defendant knew its siding was defective, yet concealed that

information and continued to affirmatively state that the siding was durable and long lasting.  (<u>Id.</u> ¶¶ 109-11.)  Despite their due diligence, Plaintiffs could not have discovered the latent defects in the siding. (<u>Id.</u> ¶¶ 112-13.)  At this stage, Plaintiffs have pled, with sufficient particularity, grounds to toll the statute of limitations.  The motion to dismiss on statute of limitations grounds is denied.

### b)      Rule 9(b)

Defendant asserts that Federal Rule of Civil Procedure Rule 9(b) applies to OCSPA claim because "actions for deceptive trade practices are, at their core, fraud claims."  <u>Ferron v. SubscriberBase Holdings, Inc.</u>, No. 2:08–CV–760, 2009 WL 650731, at *5 n.4 (S.D. Ohio Mar. 11, 2009).  Defendant notes that Bethel alleges that "Defendant committed unfair or deceptive acts and practices through misrepresentations" and that "[t]hese representations were deceptive." (CC ¶¶ 229-30.)  Defendant concludes that this claim sounds in fraud and, thus, must be pled with specificity.  It argues that Plaintiffs have failed to meet this standard because Bethel does not allege the specific representations that he saw or heard, the exact date of those representations, or the method by which they were communicated.

To satisfy Rule 9(b), generally, a plaintiff must identify the "who, what, when, where, and how: the first paragraph of any newspaper story." Parnes v. Gateway 2000, 122 F.3d 539, 549-50 (8th Cir. 1997) (citation omitted). However, the Court interprets the requirements of Rule 9(b) "in harmony with the principles of notice pleading." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001) (citation omitted). The purpose of Rule 9(b) is to provide the defendant with notice of and a meaningful opportunity to respond specifically to charges of fraudulent conduct by apprising the defendant of the claims against it and the facts upon which the claims are based. See Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995). "Rule 9(b) does not require that a 'complaint be suffused with every minute detail of a misrepresentation.' " McGregor v. Uponor, Inc., Civil No. 09–1136 ADM/JJK, 2010 WL 55985, at *4 (D. Minn. Jan.4, 2010) (quoting Carlson v. A.L.S. Enters., Inc., No. 07–3970, 2008 WL 185710, at *3 (D. Minn. Jan.18, 2008)).

Here, Plaintiffs have pled sufficient facts to put Defendant on notice of the basis for the fraud claims against it and to allow Defendant to craft a specific response. When the Consolidated Complaint is viewed as a whole, Plaintiffs have alleged the who, what, when, where, and how sufficiently to satisfy the

16

purpose of Rule 9(b).  Plaintiffs allege that, throughout the relevant time period,

Defendant repeatedly made specific misrepresentations, such as that its siding

was durable, did not need maintenance, and would last 50 years.  (CC ¶¶ 25-28,

30, 32.)  Plaintiffs allege that these misrepresentations were made through

Defendant's warranty, sales brochures, and marketing literature, which were

widely distributed to building professionals and available to Plaintiffs and the

general public.  (Id.)  Plaintiffs also allege how these alleged misrepresentations

were fraudulent.  (Id. ¶ 29, 31, 33, 37.)

Additionally, Plaintiffs assert that their consumer protection claims are not

premised only on fraudulent misrepresentations; they also allege non-fraud

allegations, such as unfair practices in processing homeowners' warranty claims

(CC ¶ 47) and fraudulent omissions, which, by their very definition would not

require Plaintiffs to plead a specific time or place.  See In re Whirlpool Corp.

Front-Loading Washer, 684 F. Supp. 2d 942, 961 (N.D. Ohio 2009) ("Requiring a

plaintiff to identify (or suffer dismissal) the precise time, place, and content of an

event that (by definition) did not occur would effectively gut state laws

prohibiting fraud-by-omission.").  The Court also holds that, to the extent that

Bethel's OCSPA claim is based on non-fraud allegations and on fraudulent

omission, the complaint does not run afoul of Rule 9(b).

### c)      Class Claim

The Court dismisses the class claim portion of Count 11 without prejudice.

"[A] consumer may assert a class action claim under the CSPA only if the

alleged violation is substantially similar to an act or practice previously declared

to be deceptive by one of the methods identified in Ohio Revised Code §

1345.09(B)." Savett, 2012 WL 3780451, at *4 (citing Marrone v. Philip Morris

USA, 850 N.E.2d 31 (Ohio 2006)).  Under the statute, the declaration must be in

the form of a rule adopted by the Ohio Attorney General or by a publically

available decision of an Ohio court.  Robins v. Global Fitness Holdings, 838 F.

Supp. 2d 631, 648 (N.D. Ohio 2012).  "If a plaintiff fails to identify a rule or case in

his or her complaint that satisfies Section 1345.09(B), dismissal of the claim as a

class action is proper and the plaintiff may proceed in his or her individual

capacity alone." In re Porsche Cars N. Am., Inc., 880 F. Supp. 2d 801, 869 (S.D.

Ohio 2012) (citing Volbers–Klarich v. Middletown Mgmt., Inc., 929 N.E.2d 434

(Ohio 2010)).

The Consolidated Complaint identifies no previous declaration in the form

of a decision of the Ohio Attorney General or an Ohio court that was publicly

available at the time of the alleged violation of the OCSPA.  In his opposition

brief, Bethel cites to an Ohio municipal court decision: Teeters Construction v.

Dort, 869 N.E.2d 756 (Ohio Mun. Ct. 2006.)  Defendant notes that Teeters is dated

December 13, 2006, five years after the siding allegedly was installed on Bethel's

house.

Plaintiffs failed to identify Teeters in the Consolidated Complaint.  See In

re Porsche Cars N. Am., 880 F. Supp. 2d at 868-69 (examining Ohio cases and

holding that, if an applicable case or rule is not cited in the complaint, the court

must dismiss the class action portion of the claim).  Additionally, Defendant's

siding was not involved in Teeters, and Teeters involved misrepresentations by a

contractor, not a manufacturer.  See Marrone v. Philip Morris, 850 N.E.2d 31, 36

(Ohio 2006) (holding that there "must be a substantial similarity between a

defendant's alleged violation of the Act and an act or practice previously

declared deceptive by either a rule promulgated by the Attorney General or a

court decision that was publicly available when the alleged violation occurred").

The Court concludes that Plaintiffs have failed to plead that Defendant's alleged

19

violation is substantially similar to an act or practice previously declared to be

deceptive in a decision of the Ohio Attorney General or an Ohio court that was

publicly available at the time of the alleged violation of the OCSPA.  Thus, Bethel

may not assert a class action claim under the OCSPA.  If any applicable decision

does exist, Plaintiffs may amend the Consolidated Complaint to highlight that

decision and assert a class claim under the OCSPA.

### 5.      Bethel Count 12: Ohio Deceptive Trade Practices Act

The Court dismisses Bethel's Ohio Deceptive Trade Practices Act

("ODTPA"), Ohio Rev. Code § 4165.02, because individual consumers do not

have a private right of action under the statute, which is interpreted in the same

manner as the Lanham Act.  See, e.g., Phillips v. Philip Morris Cos. Inc., --- F.R.D.

----, 2013 WL 1182233, at *8 (N.D. Ohio Mar. 21, 2013); In re Oreck Corp. Halo

Vacuum & Air Purifiers Marketing & Sales, No. ML 12–2317 CAS (JEMx), 2012

WL 6062047, at *11 (C.D. Cal. Dec. 3, 2012); Dawson v. Blockbuster, Inc., No.

86451, 2006 WL 1061769, at *4 (Ohio Ct. App. Mar. 16, 2006).  The great weight of

authority supports this conclusion, and the Court finds the analysis in Phillips to

be convincing.

### D.      Claims of Jonathan Bowers (Minnesota)

20

Defendant's siding was installed on Jonathan Bowers' Minnesota house in 2003.  (CC ¶ 62.)  Bowers "subsequently observed that the Siding was gapping, shrinking, discoloring, delaminating and deteriorating."  (Id. ¶ 63.)  He "reported these concerns to Defendant, which responded that the Siding does not shrink and denied any problems with the Siding."  (Id. ¶ 64.)  Bowers is a Minnesota resident and filed suit in this Court in March 2012.  (Id. ¶ 10; Civil File No. 12-727(MJD).)

Minnesota applies the "significant contacts test" for choice of law analysis. Defendant concludes that Minnesota law applies because the alleged injuries and torts occurred in Minnesota.  See Nodak Mut. Ins. v. Am. Family Mut. Ins., 604 N.W.2d 91, 94, 96 (Minn. 2000).  Plaintiffs do not dispute this, and the Court will apply Minnesota law.

### 1.    Bowers Count 1 Express Warranty

The Court denies the motion to dismiss Count 1 as to Bowers.

### a)    Disclaimer

Defendant argues that Bowers' informal express warranty claim should be dismissed because the limited warranty in effect when Bowers' siding was purchased disclaims all other express warranties.  The Court cannot decide the

applicability of the unconscionability doctrine before Plaintiffs have had the

opportunity to submit evidence regarding the disclaimer's commercial setting,

purpose, and effect.  Minn. Stat. § 336.2-302.  As explained with respect to

Plaintiff Bethel, at this stage, the Court cannot decide the applicability of the

disclaimer to Bowers' informal express warranty claim.

### b)    Basis of the Bargain

Defendant further argues that Bowers has failed to plead that he saw or

received the brochures and materials upon which his express warranties are

based; that he relied on any of them in purchasing the siding; and that they

became a part of the basis of the bargain between the parties.  See Minn. Stat. §

336.2-313.  The Court concludes that, at the motion to dismiss stage, Bowers has

sufficiently pled a claim for breach of express warranty.  See Daigle v. Ford

Motor Co., 713 F. Supp. 2d 822, 826 (D. Minn. 2010).

### c)    Presuit Notice

Defendant also claims that Bowers' express warranty claim should be

dismissed because he failed to give presuit notice.   Under Minnesota law, a

plaintiff must provide a manufacturer with presuit notice before bringing a claim

for breach of express warranty.  See Minn. Stat § 336.2–607, subd. 3(a); Daigle,

713 F. Supp. 2d at 827.

> The notice "of the breach" required is not of the facts, which the
> seller presumably knows quite as well as, if not better than, the
> buyer, but of buyer's claim that they constitute a breach.  The
> purpose of the notice is to advise the seller that he must meet a claim
> for damages, as to which, rightly or wrongly, the law requires that
> he shall have early warning.

Drobnak Andersen Corp., 561 F.3d 778, 785 (8th Cir. 2009) (citation omitted).

The Court concludes that the Consolidated Complaint sufficiently alleges

presuit notice.  Under Minnesota law, a plaintiff only needs to notify the seller

that "the transaction is troublesome and needs to be watched."  N. States Power

Co. v. ITT Meyer Indus., 777 F.2d 405, 408 (8th Cir. 1985).  "[T]he bar for

sufficiency of notice is low, [but] specific notice of a complaint to the

manufacturer is required."  Daigle, 713 F. Supp. 2d at 827.  Here, Bowers

explicitly alleges that, after he saw that his siding was shrinking and otherwise

deteriorating, he reported his concerns to Defendant.  Defendant denied that

there was any problem and responded that the siding does not shrink.

Discovery will reveal the specific contents of the notice provided.

### 2.   Bowers Count 2: Implied Warranty

The Court denies the motion to dismiss Count 2 as to Bowers.

#### a)   Disclaimer

Defendant argues that Bowers' implied warranty claim should be dismissed because implied warranties are excluded in the formal express warranty.  As the Court has explained, at this stage, the Court cannot evaluate the unconscionability claim, so dismissal based on disclaimer is not warranted.

#### b)   Presuit Notice

Defendant also argues that this claim must be dismissed due to lack of presuit notice to Defendant.  As explained with regard to the express warranty claim, the Court holds that Bowers has sufficiently alleged presuit notice.

### 3.   Bowers Count 3: Negligence

Defendant asserts that Minnesota's economic loss doctrine bars Bowers' negligence claim because he does not allege damage to property other than the siding itself.  See Minn. Stat. § 604.101, subd. 3; Daigle, 713 F. Supp. 2d at 829-30. Plaintiffs accede to dismissal of this claim.  (See [Docket No. 52].)  The Court grants the motion to dismiss Count 3 as to Bowers.

### 4.     Bowers Counts 7 & 8: Minnesota Acts

Count 7 asserts a violation of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.13 ("MUPTA"), and Count 8 asserts a violation of the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67 ("MFSAA"). The Court denies the motion to dismiss these counts.

### a)     Statute of Limitations

Defendant asserts that both Count 7 and 8 fail because they are barred by the statute of limitations.  A six-year statute of limitations applies to both Minnesota acts.  Minn. Stat. § 541.05, subd. 1(2).  The limitations period begins to run "on the dates of sales, when the alleged violations of these consumer statutes occurred," and there is no discovery rule applicable for these acts.  Tuttle v. Lorillard Tobacco Co., 377 F.3d 917, 926 (8th Cir. 2004).  Here, the siding was purchased and installed in 2003, but Bowers did not sue until 2012, so Defendant concludes that his claims are time-barred.

As the Court explained with regard to Bethel, at this stage, Plaintiffs have pled, with sufficient particularity, grounds to toll the statute of limitations.  The motion to dismiss on statute of limitations grounds is denied.

### b)     Rule 9(b)

Defendant asserts that these Minnesota acts are subject to the heightened pleading requirements of Rule 9(b).  See, e.g., Russo v. NCS Pearson, Inc., 462 F. Supp. 2d 981, 1003 (D. Minn. 2006) ("In cases brought in federal court, Rule 9(b) applies to both common law and statutory fraud claims made under Minnesota law where the gravamen of the complaint is fraud."); Baker v. Best Buy Stores, LP, 812 N.W.2d 177, 183-84 (Minn. Ct. App. 2012) (holding that MFSAA "claim is in the nature of fraud, which must be pleaded with particularity").  Defendant concludes that Bowers fails to identify any specific representations that were made to him, the timing of those representations, or the method by which they were communicated to him.

As the Court explained with respect to Bethel, Plaintiffs have pled sufficient facts to put Defendant on notice of the basis for the fraud claims against it and to allow Defendant to craft a specific response.  When the Consolidated Complaint is viewed as a whole, Plaintiffs have sufficiently alleged the who, what, when, where, and how to satisfy the purpose of Rule 9(b).  The motion to dismiss under Rule 9(b) is denied.

**E.      Claims of Mark Kostos, Richard Treece, and John Brown (Illinois)**

Mark Kostos, Richard Treece, and John Brown (collectively, the "Illinois Plaintiffs") assert that Defendant's siding was installed on their homes in Illinois in 2006, 2004, and "late 2004 or early 2005," respectively.  (CC ¶¶ 79-80, 82-83, 93-94.)  They assert that they later observed various problems with the siding.  (Id.)  Brown submitted a warranty claim to Defendant in "late 2011."  (Id. ¶ 96.)  Kostos and Treece do not allege that they submitted warranty claims.

The Illinois Plaintiffs are all Illinois residents who brought their claims in Illinois.  Defendant argues that Illinois applies the most significant relationship test, so the law of the place of injury – Illinois – presumptively applies.  See, e.g., Abad v. Bayer Corp., 563 F.3d 663, 669 (7th Cir. 2009).  Plaintiffs do not dispute this, and the Court will apply Illinois law.

### 1.    Kostos, Treece & Brown Count 1: Express Warranty

The Court grants the motion to dismiss Count 1 as to Kostos and Treece and denies the motion as to Brown.

### a)    Presuit Notice

Illinois requires presuit notice for a breach of express warranty claim.  See Reyes v. McDonald's Corp., Nos. 06 C 1604, 06 C 2813, 2006 WL 3253579, at *3 (N.D. Ill. Nov. 8, 2006) ("The notice requirement of § 2-607 'is satisfied only

27

where the manufacturer is somehow apprised of the trouble with the particular

product purchased by a particular buyer.'") (quoting <u>Connick v. Suzuki Motor</u>

<u>Co., Ltd.</u>, 675 N.E.2d 584, 590 (Ill. 1996)).  Defendant points out that Treece and

Kostos have not alleged any presuit contact with Defendant regarding any

trouble with their siding.  Plaintiffs argue that the Consolidated Complaint

sufficiently alleges presuit notice because it alleges that Defendant has actual

knowledge that, in general, its product was defective, so no further presuit notice

was required.

Illinois holds that "[t]he notice 'of the breach' required is not of the facts,

which the seller presumably knows quite as well as, if not better than, the buyer,

but of <u>buyer's claim</u> that they constitute a breach."  <u>Connick</u>, 675 N.E.2d at 590

(citation omitted).

> [E]ven if a manufacturer is aware of problems with a particular
> product line, the notice requirement of section 2-607 is satisfied only
> where the manufacturer is somehow apprised of the trouble with
> the particular product purchased by a particular buyer.

<u>Id.</u>

Thus, Plaintiffs need to allege that Defendant was aware of the trouble

each of them had with the siding, not just that there was generally a problem

with the siding.  They have sufficiently alleged presuit notice by Brown.  This

claim is dismissed as to Treece and Kostos; Plaintiffs may amend their complaint

to allege presuit notice by Treece and Kostos, if it occurred.

### b)      Disclaimer

Defendant argues that, to the extent that the Illinois Plaintiffs allege that

Defendant made and breached additional express warranties through its sales

brochures and marketing materials, Defendant excluded express warranties in

the formal warranty.  The Court cannot decide the applicability of the

unconscionability doctrine before Plaintiffs have had the opportunity to submit

evidence regarding the disclaimer's commercial setting, purpose, and effect.  See

810 Ill. Comp. Stat. 5/2-302(2).  As explained with respect to Plaintiff Bethel, at

this stage, the Court cannot decide the applicability of the disclaimer to the

Illinois Plaintiffs' informal express warranty claim.

### c)      Basis of the Bargain

Defendant asserts that the claim must be dismissed because the Illinois

Plaintiffs failed to plead that they saw or received the brochures and materials,

that they relied on them in purchasing the siding, and that the materials thus

became part of the basis of the bargain with Defendant.  See 810 Ill. Comp. Stat.

5/2-313. At this stage of the litigation, Plaintiffs' allegations are sufficient to surmount the motion to dismiss. See Felley v. Singleton, 705 N.E.2d 930, 934 (Ill. Ct. App. 1999) (holding that representations made during the bargaining process for a used car are presumed to be part of the basis of the bargain, regardless of buyer's reliance, unless seller affirmatively shows that they did not become part of the basis for the bargain).

### 2. Kostos, Treece & Brown Count 2: Implied Warranty

Defendant asserts that the Illinois Plaintiffs' claim for breach of implied warranty fails for lack of privity because they only seek economic damages. See Voelker v. Porsche Cars N. Am., 353 F.3d 516, 525 (7th Cir. 2003). Plaintiffs accede to the dismissal of Count 2 as to the Illinois Plaintiffs. (See [Docket No. 52].) Thus, the Court dismisses Count 2 as to the Illinois Plaintiffs.

### 3. Kostos, Treece & Brown Count 3: Negligence

Defendant asserts that Count 3 is subject to dismissal under the economic loss doctrine. See Moorman Mfg. v. Nat'l Tank, 435 N.E.2d 443, 450 (Ill. 1982). Plaintiffs concede that Count 3 is subject to dismissal. (See [Docket No. 52].) Therefore, the Court dismisses Count 3 as to the Illinois Plaintiffs.

4.      **Kostos, Treece & Brown Count 9: Illinois Consumer Fraud
        Act**

The Illinois Plaintiffs allege that the siding "was not as warranted and

represented by Defendant" and that the warranties were "unconscionable" in

violation of the Illinois Consumer Fraud Act ("ICFA"), 815 Ill. Comp. Stat. 505/1.

(CC ¶ 202.)  The Court grants the motion to dismiss Count 9.


a)      **Preemption**

Defendant claims that the ICFA claim is merely a breach of contract claim

disguised as a statutory violation, and thus must be dismissed.  See W. Howard

Corp. v. Indian Harbor Ins. Co., No. 1:10–CV–7857, 2011 WL 2582353, at *4 (N.D.

Ill. June 29, 2011).  While Defendant is correct that Plaintiffs cannot simply repeat

their warranty claims as ICFA claims, at this stage of the litigation, they are

permitted to plead in the alternative, and, it is not clear from the complaint

whether the ICFA claim has a separate basis.  At this point, the motion to dismiss

based on preemption is denied.


b)      **Reliance**

Defendant argues that the Illinois Plaintiffs fail to plead that the

advertisements "induced [them] to buy" the product or that they "saw, heard or

31

read any of the allegedly deceptive advertisements." <u>Oliveira v. Amoco Oil</u>, 776 N.E.2d 151, 154-55 (Ill. 2002).  The Illinois Supreme Court has held that a plaintiff's claim had to be dismissed when the plaintiff could not allege that the defendant's advertisements deceived or misled him because the plaintiff failed to allege that he saw or heard the advertisements.  <u>Id.</u> at 163-64.  The court squarely held that "to properly plead the element of proximate causation in a private cause of action for deceptive advertising brought under the Act, a plaintiff must allege that he was, in some manner, deceived."  <u>Id.</u> at 164.  Defendant claims that here, the Illinois Plaintiffs must – but fail to – allege that they were actually deceived.

To plead a viable claim under ICFA, the Illinois Plaintiffs must plead that they were actually deceived.  <u>See</u> <u>Shannon v. Boise Cascade Corp.</u>, 805 N.E.2d 213, 217, 219 (Ill. 2004) (claim for breach of ICFA based on defective siding could not be sustained when plaintiffs failed to plead that the allegedly deceptive advertising "was received by any plaintiff, or that it was received by any builder, architect, engineer, or other like person somehow connected with a plaintiff").  Count 9 is dismissed, but Plaintiffs may amend their complaint to assert an ICFA claim if they can allege actual deception.

### F.      Claims of Hugh Fenwick (Nevada)

Plaintiff Hugh Fenwick asserts that Defendant's siding was installed on his

home in Nevada in 2006 and he "subsequently" observed a number of problems

with the siding.  (CC ¶¶ 11, 65- 66.)  He reported his complaints to Defendant but

Defendant refused to remedy the problem or honor the terms of its warranty.

(Id. ¶ 67.)

Fenwick is a Nevada resident who brought this claim in California federal

court.  California applies the "governmental interest analysis."  McCann v. Foster

Wheeler, LLC, 225 P.3d 516, 527 (Cal. 2010).  Since the "situs of the injury" is a

relevant factor, id. at 530; Fenwick is a Nevada resident; Fenwick purchased his

home with Defendant's siding in Nevada; and the injury occurred in Nevada, the

Court will apply Nevada law.

### 1.      Fenwick Count 1: Express Warranty

The Court denies Defendant's motion to dismiss Count 1 as to Fenwick.

### a)      Disclaimer

Defendant argues that, to the extent Fenwick alleges Defendant made and

breached express warranties through its "sales brochures and marketing

materials," the warranties were disclaimed, because Defendant's formal express

warranty excluded express warranties.  The Court cannot decide the applicability of the unconscionability doctrine before Plaintiffs have had the opportunity to submit evidence regarding the disclaimer's commercial setting, purpose, and effect.  See Nev. Rev. Stat. § 104.2302(2).  As explained with respect to Plaintiff Bethel, at this stage, the Court cannot decide the applicability of the disclaimer to Fenwick's informal express warranty claim.

### b)      Basis of the Bargain

Defendant also claims that Fenwick's informal express warranty claim fails because Fenwick failed to plead that he saw or received the brochures and materials and that they therefore became "part of the basis of the bargain" between the parties.  Nev. Rev. Stat. § 104.2313.  As the Court has explained with regard to previous Plaintiffs, at this stage of the litigation, Plaintiffs' allegations are sufficient to surmount the motion to dismiss.

### 2.      Fenwick Count 2: Implied Warranty

The Court denies the motion to dismiss Count 2 as to Fenwick.

### a)      Statute of Limitations

Defendant asserts that Fenwick's claim is barred by the statute of limitations.  Regardless of whether the Nevada or California statute of limitations applies, as the Court explained with regard to Bethel, at this stage, Plaintiffs have pled, with sufficient particularity, grounds to toll the statute of limitations.  The motion to dismiss on statute of limitations grounds is denied.

### b)      Disclaimer

The Court also denies Defendant's request for dismissal based on the disclaimer in the formal express warranty because as explained with respect to Plaintiff Bethel, at this stage, the Court cannot decide the applicability of the disclaimer to Fenwick's implied warranty claim.

### 3.      Fenwick Count 3: Negligence

Defendant asserts that the economic loss doctrine bars Fenwick's negligence claim.  See Terracon Consultants W. v. Mandalay Resort Group, 206 P.3d 81, 87 (Nev. 2009).  Plaintiffs concede that Count 3 is not viable.  (See [Docket No. 52].)  Therefore, the Court dismisses Count 3 as to Fenwick.

### G.    Claims of Michael Swiencki (Georgia)

Georgia resident Michael Swiencki alleges that Defendant's siding was installed on his home in Georgia during its original construction in 2008.  (CC ¶¶

12, 68.)  In April 2011, he observed various problems with the siding.  (Id. ¶¶ 69-70.)  He submitted a warranty claim to Defendant on November 3, 2011.  (Id. ¶ 71.)

Swiencki brought his lawsuit in federal court in California.  California applies the "governmental interest analysis."  McCann, 225 P.3d at 527.  Because the "situs of the injury" is a relevant factor, id. at 530; Swiencki is a Georgia resident; and the injury occurred in Georgia, the Court will apply Georgia law.

### 1.    Swiencki Count 1: Express Warranty

The Court denies Defendant's motion to dismiss Count 1 as to Swiencki.

### a)    Disclaimer

Defendant argues that, to the extent Swiencki alleges Defendant made and breached express warranties through its sales brochures and marketing materials, the warranties were disclaimed in the formal express warranty.  The Court cannot decide the applicability of the unconscionability doctrine before Plaintiffs have had the opportunity to submit evidence regarding the disclaimer's commercial setting, purpose, and effect.  See Ga. Code § 11-2-302(2).  As explained with respect to Plaintiff Bethel, at this stage, the Court cannot decide the applicability of the disclaimer to Swiencki's informal express warranty claim.

36

b)       **Basis of the Bargain**

The Court denies Defendant's request to dismiss based on the assertion

that Swiencki was required to, but did not, plead that he saw or received the

brochures and materials and that they became part of the basis of the bargain.

Ga. Code § 11-2-313.  At this stage of the litigation, Plaintiffs' allegations are

sufficient to surmount the motion to dismiss.

2.       **Swiencki Count 2: Implied Warranty**

Defendant asserts that Count 2 fails for lack of privity.  See, e.g., Monticello

v. Winnebago Indus., 369 F. Supp. 2d 1350, 1361 (N.D. Ga. 2005).  Plaintiffs

accede to dismissal of this claim.  (See [Docket No. 52].)  Therefore, the Court

dismisses Count 2 as to Swiencki.

3.       **Swiencki Count 3: Negligence**

Defendant argues that Swiencki's negligence claim is barred by the

economic loss doctrine.  See Massih v. Jim Moran & Assocs., 542 F. Supp. 2d

1324, 1331 (M.D. Ga. 2008).  Plaintiffs accede to dismissal of this claim.  (See

[Docket No. 52].)  Therefore, the Court dismisses Count 3 as to Swiencki.

H.     **Claims of the Susan S. Buchanan Personal Residence Trust (Florida)**

Florida Plaintiff the Susan S. Buchanan Personal Residence Trust (the "Buchanan Trust") alleges that, in approximately 2006, Defendant's siding was installed on the Florida home owned by the Buchanan Trust and occupied by trustee Susan Buchanan. (CC ¶¶ 13, 72.) In approximately August 2011, Buchanan noticed various problems with the siding. (Id. ¶¶ 73-74.) Buchanan submitted a warranty claim to Defendant on February 9, 2012. (Id. ¶ 75.)

The Buchanan Trust filed suit in Florida, where Buchanan resides. Florida applies the most significant relationship test for choice of law. Bishop v. Fla. Specialty Paint, Co., 389 So.2d 999, 1001 (Fla. 1980). Under that test, the law of the place of injury generally applies. Id. The Court will apply Florida law.

### 1.    Buchanan Trust Count 1: Express Warranty

The Court denies Defendant's motion to dismiss Count 1.

#### a)    Disclaimer

Defendant argues that, to the extent that the Buchanan Trust alleges Defendant made and breached express warranties through its sales brochures and marketing materials, the warranties were disclaimed by the formal express warranty. The Court cannot decide the applicability of the unconscionability doctrine before Plaintiffs have had the opportunity to submit evidence regarding

38

the disclaimer's commercial setting, purpose, and effect.  <u>See</u> Fla. Stat. §

672.302(2).  As explained with respect to Plaintiff Bethel, at this stage, the Court

cannot decide the applicability of the disclaimer to the Buchanan Trust's informal

express warranty claim.

### b)      Basis of the Bargain

Defendant argues that the Buchanan Trust does not plead that Buchanan

saw or received the advertising materials and that they became part of the basis

of the bargain.  <u>See</u> Fla. Stat. § 672.313.  At this motion to dismiss stage, Plaintiffs

have met the notice pleading standard for an express warranty claim under

Florida law.

### 2.      Buchanan Trust Count 2: Implied Warranty

Defendant further asserts that the Buchanan Trust's implied warranty

claim must be dismissed because the Buchanan Trust does not allege privity.  <u>See</u>

<u>Daigle</u>, 2012 WL 3113854, at *11.  Plaintiffs concede that this claim is subject to

dismissal.  (<u>See</u> [Docket No. 52].)  Therefore, the Court dismisses Count 2 as to

the Buchanan Trust.

### 3.      Buchanan Trust Count 3: Negligence

Defendant asserts that the negligence claim must be dismissed under the

economic loss doctrine.  See Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.,

891 So.2d 532, 541 (Fla. 2004), abrogated on other grounds by Tiara Condo. Ass'n,

Inc. v. Marsh & McLennan Cos., Inc., 110 So.3d 399, 407 (Fla. Mar. 7, 2013).

Plaintiffs concede that this claim is subject to dismissal.  (See [Docket No. 52].)

Therefore, the Court dismisses Count 3 as to the Buchanan Trust.

### I.      Claims of James Dillingham (California)

Defendant's siding was installed on California Plaintiff James Dillingham's

house in California in 2005, and Dillingham purchased the house from the

original owners in October 2011.  (CC ¶¶ 14, 76.)  He noticed problems with the

siding after he purchased the home and "[s]hortly thereafter" submitted a

warranty claim to Defendant.  (Id. ¶¶ 77-78.)  California applies the

"governmental interest analysis."  McCann, 225 P.3d at 527.  Because the "situs of

the injury" is a relevant factor, id. at 530; Dillingham is a California resident who

brought suit in California; and the injury occurred in California, the Court will

apply California law.

### 1.    Dillingham Count 1: Express Warranty

The Court denies Defendant's motion to dismiss Count 1 as to Dillingham.

### a)    Disclaimer

Defendant argues that, to the extent Dillingham alleges Defendant made and breached express warranties through its sales brochures and marketing materials, the warranties were disclaimed in the formal express warranty.  The Court cannot decide the applicability of the unconscionability doctrine before Plaintiffs have had the opportunity to submit evidence regarding the disclaimer's commercial setting, purpose, and effect.  See Cal. Civ. Code § 1670.5(b).  As explained with respect to Plaintiff Bethel, at this stage, the Court cannot decide the applicability of the disclaimer to Dillingham's informal express warranty claim.

### b)    Basis of the Bargain

Defendant argues that, to the extent Dillingham alleges that Defendant made and breached express warranties through its sales brochures and marketing materials, the claim is barred because Dillingham fails to plead that he saw or received the brochures and materials, that he relied on them in

purchasing the siding, and that they therefore became part of the basis of the bargain.  Cal. Com. Code § 2313.

To ultimately succeed on a California express warranty claim, either reliance or privity is required.  See Keegan v. American Honda Motor Co., Inc., 284 F.R.D. 504, 546 (C.D. Cal. 2012); Coleman v. Boston Scientific Corp., No. 1:10–cv–01968–OWW–SKO, 2011 WL 3813173, at *4 (E.D. Cal. Aug. 29, 2011). However, a complaint that fails to specifically plead reliance can survive a motion to dismiss when "reliance can be reasonably inferred from the tenor and totality of the allegations in the complaint."  Williams v. Beechnut Nutrition Corp., 229 Cal. Rptr. 605, 609 (Cal. Ct. App. 1986).  Thus, a complaint sufficiently alleges reliance, as defined under California law, when it alleges that the defendant "utilized the advertising media to urge the use and application of [the subject product] and expressly warranted to the general public including plaintiff herein, that said product was effective, proper and safe for its intended use."  Id.  The Court concludes that, at this stage of the litigation, Plaintiffs' factual allegations state a claim under California law, so his pleadings are sufficient to surmount the motion to dismiss under Rule 12(b)(6).

### 2.   Dillingham Count 2: Implied Warranty

Defendant asserts that Count 2 must be dismissed because Dillingham has

not alleged that he is in privity with Defendant or that any of the limited

exceptions to the privity rule exist.  See, e.g., Clemens v. DaimlerChrysler Corp.,

534 F.3d 1017, 1023-24 (9th Cir. 2008).  Plaintiffs accede to dismissal of this claim.

(See [Docket No. 52].)  Therefore, the Court grants the motion to dismiss Count 2

as to Dillingham.

### 3.   Dillingham Count 3: Negligence

Defendant asserts that the economic loss doctrine bars Dillingham's

negligence claim.  See Tomek v. Apple, Inc., No. 2:11–cv–02700–MCE–DAD, 2013

WL 394723, at *6 (E.D. Cal. Jan. 30, 2013).  Plaintiffs accede to dismissal of this

claim.  (See [Docket No. 52].)  Therefore, the Court grants the motion to dismiss

Count 3 as to Dillingham.

### J.   Claims of Masoud Kavianpour (Virginia)

Virginia Plaintiff Masoud Kavianpour alleges that Defendant's siding was

installed on his home in Virginia in March 2005.  (CC ¶¶ 17, 85.)  In 2010, he

"determined that the [s]iding was deteriorating in numerous places" and

submitted a warranty claim to Defendant on April 15, 2010.  (Id. ¶¶ 86-87.)

Kavianpour brought this lawsuit in Virginia, which applies the place of the wrong standard for choice of law.  <u>Jones v. R.S. Jones & Assocs., Inc.</u>, 431 S.E.2d 33, 34 (Va. 1993).  Because Kavianpour is a Virginia resident, the siding was installed in Virginia, and the alleged defects manifested in Virginia, the Court applies Virginia law.

### 1.	Kavianpour Count 1: Express Warranty

The Court denies Defendant's motion to dismiss Count 1.

### a)	Disclaimer

Defendant argues that, to the extent that Kavianpour alleges Defendant made and breached express warranties through its sales brochures and marketing materials, the warranties were disclaimed in the formal express warranty.  The Court cannot decide the applicability of the unconscionability doctrine before Plaintiffs have had the opportunity to submit evidence regarding the disclaimer's commercial setting, purpose, and effect.  <u>See</u> Va. Code § 8.2-302(b).  As explained with respect to Plaintiff Bethel, at this stage, the Court cannot decide the applicability of the disclaimer to Kavianpour's informal express warranty claim.

### b)  Basis of the Bargain

Defendant argues that Kavianpour failed to plead that he saw or received

the brochures and materials and that they therefore became part of the basis of

the bargain.  Va. Code § 8.2-313.

Under Virginia law, reliance is not required for an express warranty claim.

See Daughtrey v. Ashe, 413 S.E.2d 336, 338 (Va. 1992).  At this stage of the

litigation, Plaintiffs' allegations are sufficient to surmount the motion to dismiss.

### 2.  Kavianpour Count 2: Implied Warranty

Defendant asserts that Count 2 fails for various reasons, and Plaintiffs

agree to dismissal of this claim.  (See [Docket No. 52].)  Therefore, the Court

dismisses Count 2 as to Kavianpour.

### 3.  Kavianpour Count 3: Negligence

Defendant seeks dismissal of Count 3 on the grounds that Kavianpour is

not in privity with it and has only alleged damage to the siding itself.  See Beard

Plumbing & Heating, Inc. v. Thompson Plastics, Inc., 152 F.3d 313, 316 (4th Cir.

1998) ("Virginia law is clear that, absent privity of contract, economic losses

cannot be recovered in a negligence action.").  Plaintiffs agree to dismissal of this

claim.  (See [Docket No. 52].)  Therefore, the Court dismisses Count 3 as to

Kavianpour.

### 4.     Kavianpour Count 15: Florida Deceptive and Unfair Trade Practices Act

Defendant argues that the Florida Deceptive and Unfair Trade Practices

Act ("FDUTPA") must be dismissed because none of the alleged acts were

connected to Florida.  Plaintiffs concede that this claim must be dismissed.  They

assert that there was a typographical error in the Consolidated Complaint and

the FDUTPA claim actually belongs to Plaintiff the Buchanan Trust.  They

request leave to amend the Consolidated Complaint and assert this claim on

behalf of the Buchanan Trust.  Thus, the Court dismisses Count 15 as to

Kavianpour and grants permission to Plaintiffs to file an amended complaint

asserting Count 15 as to the Buchanan Trust.

### 5.     Kavianpour Counts 13 & 14: Virginia Consumer Protection Act

Kavianpour asserts that Defendant violated the Virginia Consumer

Protection Act ("VCPA"), Va. Code § 59.1-200(A)(5) (Count 13) and Va. Code §

59.1-200(A)(6) (Count 14).  The Court denies the motion to dismiss these claims.

a)    **Class Allegations**

Defendant argues that a plaintiff may not bring a class action complaint under the VCPA, because Virginia does not generally allow class actions, unless specifically permitted by statute, and the VCPA does not explicitly permit class actions.  See Arcand v. Brother Int'l, 673 F. Supp. 2d 282, 294 (D.N.J. 2009); Am. Online v. Superior Court, 90 Cal. App. 4th 1, 17 (Cal Ct. App. 2001).

The Court concludes that Federal Rule of Civil Procedure 23 governs the availability of a class action under the VCPA.  The VCPA itself does not expressly forbid or permit class actions.  The absence of a class action right under the VCPA is the "default" position under Virginia law, rather than a provision of the VCPA itself.  Thus, Court concludes that the lack of a class action mechanism is a procedural matter, rather than a substantive law defining the types of rights and remedies available under the VCPA itself.  See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 130 S.Ct. 1431, 1449, 1459-60 (2010) (Stevens, J., concurring in part and concurring in judgment).  Cf. Bearden v. Honeywell Int'l, Inc., No. 3:09–1035, 2010 WL 3239285, at *9-*10 (M.D. Tenn. Aug. 16, 2010) (finding Tennessee Consumer Protection Act's limitation that claims can only be brought "individually," which is contained **within the substantive**

47

**statute itself**, to be a substantive right and remedy, so Federal Rule of Civil Procedure 23 did not apply).  The Court denies Defendant's motion to dismiss the class action allegations.

### b)      Statute of Limitations

Defendant claims that Kavianpour's individual VCPA claims are barred by the two-year statute of limitations.  See Schmidt v. Household Fin. Corp, II, 661 S.E.2d 834, 838-41 (Va. 2008).  As the Court explained with regard to Bethel, at this stage, Plaintiffs have pled, with sufficient particularity, grounds to toll the statute of limitations.  The motion to dismiss on statute of limitations grounds is denied.

### K.      Claims by All Plaintiffs

### 1.      Count 4: Declaratory and Injunctive Relief

### a)      Request for Declaratory Relief

Defendant argues that Plaintiffs' claim for declaratory judgment should be dismissed as duplicative.  The Court denies the motion to dismiss the declaratory relief claim as premature.  At this point in the litigation, it is not clear whether Plaintiffs may be entitled to declaratory relief.  Additionally, Plaintiffs are permitted to plead in the alternative.

**b)      Request for Injunctive Relief**

Defendant argues that Plaintiffs' injunctive relief claim should be

dismissed because money damages are adequate and Plaintiffs will suffer no

irreparable harm in the absence of an injunction.  The Court denies the motion to

dismiss.  This motion is premature, and Plaintiffs are permitted to plead legal

and equitable remedies in the alternative.

**2.      Counts 5 & 6: California Acts**

In Counts 5 and 6, Plaintiffs assert claims under California's Unfair

Competition Law, California Business and Professions Code § 17200 ("UCL")

and California Consumers Legal Remedies Act, California Civil Code § 1750

("CLRA").  The Court denies the motion to dismiss Count 5, UCL, and grants the

motion to dismiss Count 6, CLRA.

**a)      Non-California Plaintiffs**

Defendant asserts that, apart from Dillingham, Plaintiffs are not California

residents, and their siding installation and alleged injuries all occurred outside of

California.  Additionally, Plaintiffs allege that Defendant was incorporated in

Nevada and currently has its principal place of business in Chicago, Illinois.  (CC

¶ 20.)  Until August 2010, Defendant's principal place of business was in Mission

Viejo, California.  (Id.)   Defendant argues that the California acts do not apply to non-resident plaintiffs for acts committed by a defendant, headquartered outside of California, which did not take place in California.  See In re Toyota Motor, 785 F. Supp. 2d 883, 917 (C.D. Cal. 2011).  Defendant argues that, further, Plaintiffs fail to plead with "sufficient detail that the point of dissemination from which advertising and promotional literature that they saw or could have seen is California."  Id.

The Court denies Defendant's motion to dismiss.  Given that, until recently, Defendant's principal place of business was in California, advertising likely emanated from California, so it is plausible that California law will apply to non-California Plaintiffs.  A thorough choice-of-law analysis will be conducted at a later stage of the proceedings, when the record is more fully developed and the parties have thoroughly briefed the issue.  At this point, Plaintiffs have stated a claim.  See, e.g., In re Clorox Consumer Litig., 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) (holding that a "detailed choice of law analysis would be inappropriate" at the motion to dismiss stage and declining to decide whether California law could be applied to out-of-state plaintiffs at that point in the litigation).

#### b)      Rule 9(b)

Defendant also argues that all Plaintiffs have failed to meet the heightened pleading standard of Rule 9(b).  <u>See, e.g.</u>, <u>Kearns v. Ford Motor</u>, 567 F.3d 1120, 1125-26 (9th Cir. 2009) (holding that, if UCL or CLRA claim is "grounded in fraud," Rule 9(b) applies).

As the Court explained with respect to Bethel, Plaintiffs have pled sufficient facts to put Defendant on notice of the basis for the fraud claims against it and to allow Defendant to craft a specific response.  When the Consolidated Complaint is viewed as a whole, Plaintiffs have sufficiently alleged the who, what, when, where, and how to satisfy the purpose of Rule 9(b).  The motion to dismiss under Rule 9(b) is denied.

#### c)      Breach of Contract

Defendant argues that all Plaintiffs' claims fail because they are simply breach of contract claims disguised as consumer fraud claims.  Although a "breach of contract may form the predicate for a [UCL] claim," it can only do so "provided it also constitutes conduct that is unlawful, or unfair, or fraudulent." <u>Sybersound Records v. UAV</u>, 517 F.3d 1137, 1152 (9th Cir. 2008).  Here, Plaintiffs do make additional allegations, such as that Defendant withheld information

51

about defects in its siding, concealed warranty terms from homeowners while

trying to enforce them, and unfairly denied relief to homeowners on their

warranty claims.  At this stage, Plaintiffs have sufficiently pled that the statutory

claims are more than simply breach of contract claims.  Moreover, at the pleading

stage, Plaintiffs are permitted to plead claims in the alternative.

### d)      Notice Requirement under the CLRA

The CLRA provides: "Thirty days or more prior to the commencement of

an action for damages . . . the consumer shall . . . [n]otify the person alleged to

have employed or committed methods, acts, or practices declared unlawful by

Section 1770."  Cal. Civ. Code § 1782(a).  Defendant claims that only Swiencki

sent a pre-suit letter, and, thus, the other Plaintiffs' CLRA claims must be

dismissed.

The Court concludes that the claims of Plaintiffs who failed to provide

presuit notice should be dismissed without prejudice.  Although there is a split

among courts regarding whether dismissal of a CLRA claim for violation of

section 1782(a)'s notice requirement should be granted with or without

prejudice, the Court concludes that the correct course is a dismissal without

prejudice.  See Trabakoolas v. Watts Water Techs., Inc., No. 12–cv–01172–YGR,

2012 WL 2792441, at *7-*8 (N.D. Cal. July 9, 2012).  Plaintiffs should be given an

opportunity to provide notice and afford Defendant an opportunity to cure its

alleged misconduct.  Morgan v. AT&T Wireless Servs., Inc., 99 Cal. Rptr. 3d 768,

789-90 (Cal. Ct. App. 2009).  The purpose of the notice is to allow a defendant an

opportunity to avoid liability by correcting the wrong, and dismissal without

prejudice permits this purpose to be fulfilled.  Id.

### e)      Affidavit Requirement under the CLRA

Defendant further claims that all of Plaintiffs' CLRA claims, including

Swiencki's claim, must be dismissed because they failed to provide the "affidavit

stating facts showing that the action has been commenced in a county described

in this section as a proper place for the trial of the action" as required by the

CLRA.  Cal. Civ. Code § 1780(d); Apple & AT&T iPad Unlimited Data Plan Litig.,

802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011).  Plaintiffs argue that the affidavit

requirement is procedural and, thus, federal, not state, procedural rules apply.

The Court concludes that Plaintiffs must comply with § 1780(d) to state a

claim under California law.  See Castagnola v. Hewlett-Packard Co., No. C 11–

05772 JSW, 2012 WL 2159385, at *10 (N.D. Cal. June 13, 2012).  The requirement is

specific to the CLRA itself, and California has made the affidavit requirement a

prerequisite to stating a claim under the CLRA.  Thus, the claim must be

dismissed.  However, the dismissal is without prejudice.  Cal. Civ. Code. §

1780(d).

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

1. Defendant James Hardie Building Products Inc.'s Motion to Dismiss [Docket No. 36] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Claims of Brian Bethel (Ohio)

        1. Bethel Count 1: Express Warranty REMAINS.

        2. Bethel Count 2: Implied Warranty is DISMISSED.

        3. Bethel Count 10: Ohio Product Liability Act is DISMISSED.

        4. Bethel Count 11: Ohio Consumer Sales Practices Act is DISMISSED with regard to the class allegations and REMAINS with regard to Bethel's individual allegations.

        5. Bethel Count 12: Ohio Deceptive Trade Practices Act is DISMISSED.

    b. Claims of Jonathan Bowers (Minnesota)

        1. Bowers Count 1: Express Warranty REMAINS.

        2. Bowers Count 2: Implied Warranty REMAINS.

    3.  Bowers Count 3: Negligence is DISMISSED.

    4.  Bowers Counts 7 & 8: Minnesota Acts REMAIN.

c.  Claims of Mark Kostos, Richard Treece, and John Brown (Illinois)

    1.  Kostos, Treece & Brown Count 1: Express Warranty REMAINS as to Brown and is DISMISSED as to Kostos and Treece.

    2.  Kostos, Treece & Brown Count 2: Implied Warranty is DISMISSED.

    3.  Kostos, Treece & Brown Count 3: Negligence is DISMISSED.

    4.  Kostos, Treece & Brown Count 9: Illinois Consumer Fraud Act is DISMISSED.

d.  Claims of Hugh Fenwick (Nevada)

    1.  Fenwick Count 1: Express Warranty REMAINS.

    2.  Fenwick Count 2: Implied Warranty REMAINS.

    3.  Fenwick Count 3: Negligence is DISMISSED.

e.  Claims of Michael Swiencki (Georgia)

    1.  Swiencki Count 1: Express Warranty REMAINS.

    2.  Swiencki Count 2: Implied Warranty is DISMISSED.

    3.  Swiencki Count 3: Negligence is DISMISSED.

f.  Claims of the Susan S. Buchanan Personal Residence Trust
    (Florida)

   1.  Buchanan Trust Count 1: Express Warranty REMAINS.

   2.  Buchanan Trust Count 2: Implied Warranty is DISMISSED.

   3.  Buchanan Trust Count 3: Negligence is DISMISSED.

g.  Claims of James Dillingham (California)

   1.  Dillingham Count 1: Express Warranty REMAINS.

   2.  Dillingham Count 2: Implied Warranty is DISMISSED.

   3.  Dillingham Count 3: Negligence is DISMISSED.

h.  Claims of Masoud Kavianpour (Virginia)

   1.  Kavianpour Count 1: Express Warranty REMAINS.

   2.  Kavianpour Count 2: Implied Warranty is DISMISSED.

   3.  Kavianpour Count 3: Negligence is DISMISSED.

   4.  Kavianpour Count 15: Florida Deceptive and Unfair Trade
       Practices Act is DISMISSED.

   5.  Kavianpour Counts 13 and 14: the Virginia Consumer
       Protection Act REMAIN.

i.  Claims by All Plaintiffs

   1.  Count 4: Declaratory and Injunctive Relief REMAINS.

2. Count 5: California Unfair Competition Law REMAINS.

3. Count 6: California Consumers Legal Remedies Act is DISMISSED.

2. Defendant's Motion for Leave to Cite Supplemental Authority in Support of Its Motion to Dismiss [Docket No. 49] is **GRANTED**.

3. Defendant's Second Motion for Leave to Cite Supplemental Authority in Support of Its Motion to Dismiss [Docket No. 55] is **GRANTED**.

4. Plaintiffs Heidi Picht and Jonathan Bowers' Motion for Leave to Cite Supplemental Authority in Opposition to Defendant's Motion to Dismiss [Docket No. 57] is **GRANTED**.

Dated:  July 15, 2013                    s/ Michael J. Davis
                                         Michael J. Davis
                                         Chief Judge
                                         United States District Court